**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

        v.

MANPREET SINGH KOHLI et al.,

      Defendants.

Civil Action 24-cv-12586-AK

**REPLY BY THE UNITED STATES (DOJ) TO DEFENDANT'S**
**OPPOSITION TO A STAY PENDING RESOLUTION OF THE CRIMINAL CASE**

      The government (Department of Justice, or "DOJ") respectfully offers this reply regarding defendant Manpreet Singh Kohli's opposition to a stay of these civil proceedings pending resolution of the parallel criminal case that addresses the same misconduct (Dkt. 22, "Opp.").

      ***The Court Should Reject the "Cake" Fallacy***

      Defendants' objection to a stay is premised on the false assumption that the government made a decision to bring two cases at once and should live with the consequences of that choice. *E.g.*, Opp. at 1 ("In effect, the Government wants to have its cake (file two cases in parallel) and eat it too (prevent Kohli from defending himself)."). Alongside this assumption is the suggestion that the government has improperly or unusually benefited from coordination with the Securities and Exchange Commission ("SEC"). Both premises are wrong.

The DOJ and the SEC are separate agencies with separate mandates. The securities laws "explicitly empower the SEC to investigate possible infractions of the securities laws with a view to both civil and criminal enforcement, and to transmit the fruits of its investigations to Justice in the event of potential criminal proceedings." *S.E.C. v. Dresser Industries, Inc.*, 628 F.2d 1368, 1376-77 (D.C. Cir, 1980). Coordination between the DOJ and the SEC is a textbook feature of securities enforcement.[1] However, the government does not direct the SEC in carrying out its mandate. *See*, *e.g.*, *S.E.C. v. Nicholas*, 569 F. Supp. 2d 1065, 1072 (C.D. Cal. 2008) (rejecting contention that "the problem the [DOJ] seeks to prevent – simultaneous civil and criminal proceedings – is of the government's own creation."); *S.E.C. v. Coburn*, 2019 WL 6013139, at *3 (D.N.J. Nov. 14, 2019) ("The SEC has an independent duty to enforce securities laws separate from the Government's interest in a criminal prosecution.").

Courts have long recognized that parallel proceedings need not work against each other. The government and the SEC need not choose between criminal and civil remedies or stagger the initiation of enforcement actions at the expense of the public interest. *See United States v. Kordel*, 397 U.S. 1, 11 (1970) ("It would stultify enforcement of federal law to require a governmental agency … to choose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial."). And when criminal and civil actions are brought concurrently, one need not operate to the detriment of the

---

[1] *See*, *e.g.*, Stephen J. Choi and A.C. Pritchard, *Securities Regulation: Cases and Analysis* 767 (3rd Ed. 2012) ("The usual pattern when the Justice Department has decided to prosecute someone for a securities violation is a coordinated announcement of the criminal indictment and the SEC's enforcement action. The SEC—as a matter of discretion and with the consent of the court—will then typically stay its action until the criminal case has been resolved. If the defendant is convicted, collateral estoppel provides the SEC with an easy case. If the defendant is acquitted, the SEC gets another bite at the apple with the lower preponderance of the evidence standard for civil cases."). Notably, the defendant does not suggest that the SEC enjoys any investigative capabilities that are not equally available to the government.

other.  *See*, *e.g.*, *Coburn*, 2019 WL 6013139, at *3 ("This Court declines to subscribe to the view that the Government's decision to seek civil remedies in addition to obtaining a criminal conviction should be subject to heightened scrutiny.  Nor does the Court find that the coordinated enforcement of civil and criminal laws obviates any independent justification to stay the civil proceeding in favor of the criminal proceeding.").

As one session of this Court articulated these considerations, in granting a stay over a defendant's objections:

> A stay it seems to me is clearly appropriate. The government in its different manifestations and the public have a clear interest in an orderly procedure.
>
> If the civil and criminal cases proceed at the same time, among other issues are that the defendant can take discovery, he can depose witnesses, indeed victims, request documents, serve interrogatories and so forth that he can use to his advantage in the criminal process while claiming the Fifth Amendment and refusing to submit to discovery himself.
>
> I know that there are a handful of cases to the contrary. I have to say I find those cases surprising. They are based on the notion that the government, having elected to file a civil suit, must live with various consequences.
>
> The government is not, of course, an ordinary litigant. It represents the public interest. The civil lawsuit is one of the tools available to it.
>
> There are differences, obviously, in a civil claim by the SEC than in a criminal proceeding. I don't know why the government should be forced to make an election and to forego civil remedies with a lower burden of proof while limitations periods run and other harm may occur.
>
> It's true, of course, that [the defendant] has been indicted, but he has not been convicted, he's presumed innocent, but I see no reason why the government should be put at a serious disadvantage as opposed to simply putting the civil matter on hold, and, therefore, the motion to stay will be granted.

*S.E.C. v. Muraca*, 17-cv-11400-FDS, Dkt. 62 (Mot. Hr'g Tr.) at 4:13-5:14.

The defendant's opposition relies heavily on three denials of stays[2] by a single session of this Court and suggests that they reflect a standard (*e.g.*, Opp. at 7) or a consensus (*e.g.*, Opp. at 8, 15). In fact, a review of parallel proceedings from just the last ten years demonstrates that the far more frequent practice within this District has been to stay the SEC action pending resolution of the criminal case, whether at the request of DOJ (assented-to[3] or opposed[4])—based on the concerns presented here—or at the request of the defendant[5] (generally based on concerns about being required to assert or waive the Fifth Amendment in the civil case and/or the inefficiencies and costs of defending both cases at once).

In requesting a stay here, the government seeks no advantage other than the ability to prosecute its case like any other criminal case. Granting a stay would not mean letting the government "have its cake and eat it too." Rather, it would be a sound exercise of judicial discretion. *See also Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962) (Wisdom, J.) ("A

---

[2] *S.E.C. v. Kanodia*, 153 F. Supp. 3d 478 (D. Mass. 2015) (Burroughs, J.); *S.E.C. v. O'Neill*, 98 F. Supp. 3d 219 (D. Mass. 2015) (same); *New England Sports Network, LP v. Alley Interactive, LLC*, 2023 WL 2140474 (D. Mass. Feb. 21, 2023) (same).

[3] *See*, *e.g.*, *S.E.C. v. Schottenstein*, 22-cv-10023-PBS; *S.E.C. v. Kliushin*, 21-cv-12088-DLC; *S.E.C. v. PixarBio Corporation et al.*, 18-cv-10797-WGY; *S.E.C. v. Knox*, 18-cv-12058-RGS; *SEC v. Chen*, 18-cv-10657-FDS; *S.E.C. v. Bressman*, 18-cv-11925-WGY; *S.E.C. v. Altaver*, 17-cv-11178-NMG; *S.E.C. v. Gadimian* 16-cv-11955-PBS; *S.E.C. v. Cody*, 16-cv-12510-FDS; *S.E.C. v. Aubel et al.*, 16-cv-10670-LTS; *S.E.C. v. Thibeault et al.*, 15-cv-10050-NMG; *S.E.C. v. Hand*, 15-cv-14109-ADB; *S.E.C. v. Capital Financial Partners, LLC et al.*, 15-cv-11447-IT.

[4] *See*, *e.g.*, *S.E.C. v. Forte et al.*, 22-cv-10074-LTS; *S.E.C. v. Muraca*, 17-cv-11400-FDS. *See also S.E.C. v. Padilla*, 23-cv-11331-RGS (granting DOJ's motion where defendant took no position); *S.E.C. v. Kawuba*, 22-cv-11897-NMG (same); *S.E.C. v. DFRF Enterprises LLC et al.*, 15-cv-12857-PBS (granting DOJ's motion before defendant appeared).

[5] *See*, *e.g.*, *S.E.C. v. Couture*, 21-cv-10908-THS; *S.E.C. v. Amell*, 17-cv-10707-RWZ; *S.E.C. v. Murakami et al.*, 17-cv-10928-IT; *S.E.C. v. Chan*, 16-cv-11106-ADB; *S.E.C. v. Babini et al.*, 15-cv-13348-IT.

litigant should not be allowed to make use of the liberal discovery procedures applicable to a civil suit as a dodge to avoid the restrictions on criminal discovery and thereby obtain documents he would not otherwise be entitled to for use in his criminal suit. Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other."). The government's already high burden in the criminal case should not, in effect, be raised even higher simply because the securities laws and the public interest support both criminal and civil proceedings.

### The Defendant Has Demonstrated No Prejudice from a Stay

None of the defendant's suggested harms from a stay withstands scrutiny.

First, the claim that a stay would "deprive Mr. Kohli of an opportunity to fight the charges" (Opp. at 8) is overblown. In the civil case, a stay would merely deny the defendant the ability to engage in selective, one-sided discovery while "claiming the Fifth Amendment and refusing to submit to discovery himself" during the pendency of the criminal case. *Muraca*, 1:17-cv-11400-FDS, Dkt. 62 at 4. And in the criminal case, a stay of this case would place the defendant in the same shoes as any other criminal defendant. *See Nicholas*, 569 F. Supp. 2d. at 1072 n.8 ("[T]he criminal discovery rules were crafted with an eye toward fairness for all concerned —the defendant, the prosecution, and the public. The Court rejects any implication that leaving Defendants with only criminal discovery mechanisms somehow prejudices their defense.").

Second, any "time and resources" that the defendant has spent on filing a motion to dismiss the SEC's case (Opp. at 9) or otherwise was of the defendant's own choosing. As noted above, defendants often assent to or seek a stay to conserve resources in defending against parallel cases. The defendant could have done so here. In fact, the government put the defendant on notice of its intention to file a motion to stay the SEC's case prior to his filing of the motion to dismiss. It was

his own choice to file his motion, then to notify the government that he opposed a stay, and now to claim prejudice from having filed his motion.

Third, the defendant cannot claim prejudice from a stay to his ability to "contest extradition" (Opp. at 9). Just as he is not entitled to use civil discovery in this case to aid his criminal defense, he is not entitled to use it to acquire and repurpose evidence for his extradition proceedings in the United Kingdom.

Fourth, the defendant's general concerns about fading witness memories or lost electronic data (Opp. at 10) are speculative and would apply equally to both parties to this action (and likely with greater force to the SEC's affirmative case). The potential effects of time do not amount to undue prejudice to the defendant's ability to defend this case.

Fifth, a stay has no bearing on any future benefit to the defendant from a purported "rethinking" or "change of heart" by the SEC in its "approach to crypto" (Opp. at 10-11). If the SEC decided to dismiss its Section 5 claims against the defendant, or even the case in its entirety, a stay would not stand in its way. Moreover, a stay would not prevent the defendant from arguing in this case that Saitama was actually a meme coin and not a security (Opp. at 11-12) once the stay is ultimately lifted.

Notably, the defendant does not base his claim of prejudice on any prospect of resolving the SEC case swiftly absent a stay. Nor could he. The resolution of this case must necessarily await the conclusion of the criminal matter. It is improbable that the defendant would sit for a deposition before then. Doing so would require him either to make statements that could be used in the criminal trial or to invoke his right against self-incrimination and risk an adverse inference in the civil trial. The prospect that the Court may need to "resurrect" the "long dormant" civil case "years after it was filed" (Opp. at 16) thus looms with or without a stay.

The defendant asserts no other prejudice from a stay, the immediate effect of which would be to preserve the status quo while the defendant attempts to prevent his extradition to the United States on the criminal charges.

### The Factual Overlap is Greater than the Opposition Acknowledges or Recognizes

Defendant's opposition seeks to downplay the factual overlap between the criminal and civil cases, and thus the efficiencies of resolving the criminal case first. *E.g.*, Opp. at 14 (claiming "important differences in time, scope and charges"). The opposition overstates some purported differences and flatly misstates others.

For example, the opposition insists that the operative indictment "effectively stops in July 2022" (Opp. at 4), even though it alleges a conspiracy "continuing through at least in or about 2023." The opposition incorrectly suggests that the indictment is silent on the hiring of specific third-party market makers (*id.*), outright ignoring paragraph 22 of the indictment, which alleges that the defendant and others paid ZM Quant and Gotbit to make manipulative trades in Saitama. The opposition contends that the complaint describes a SaitaMask trading platform that is absent from the indictment, and that the indictment addresses an unlicensed money transmitting business that the complaint does not (*id.*); yet these are one and the same.

The opposition claims that the SEC's case "involves far more conduct than the DOJ case" (Opp. at 14), apparently based on a superficial comparison of the amount of detail in the complaint and the indictment. But, as noted in the government's motion to stay, the details in the complaint fall within the "manner and means of the conspiracy and the scheme to defraud" set forth in the indictment. Dkt. 19 at 4. These cases address the same fraud, and a stay in this case would entail the same efficiencies and narrowing of issues that courts routinely recognize as sensible and within the public interest.

\*        \*        \*

For the reasons presented in the government's motion and herein, the government's motion

for a stay of these proceedings should be granted.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney


By:    _/s/ David M. Holcomb_
DAVID M. HOLCOMB
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 14, 2025

_/s/  David M. Holcomb_
DAVID M. HOLCOMB
Assistant U.S. Attorney
