UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANPREET SINGH KOHLI et al.,<br><br>Defendants. | Civil Action 24-cv-12586-AK |

**RESPONSE BY THE UNITED STATES (DOJ) TO
DEFENDANT'S REQUEST FOR ORAL ARGUMENT ON MOTION TO STAY**

The government respectfully submits this response to defendant Manpreet Kohli's letter requesting oral argument on the government's motion for a stay (Dkt. 29). While the government welcomes an opportunity to be heard by the Court, it respectfully submits that the Court may grant the motion on the papers alone.

In his request, defendant doubles down on his claim that a stay would pose "prejudice to his extradition fight." While the defendant's intention—to obtain materials from the SEC for use in that wholly foreign proceeding—is laudably transparent, his goal flouts the purposes of discovery in this case and should be met with disapproval.

The defendant has offered no support for the remarkable proposition that this Court should help him misuse discovery from one case before it in his efforts to avoid facing charges in another. In fact, courts have exercised their inherent authority over their dockets to accomplish the opposite.

For example, under the fugitive-disentitlement doctrine, "a person who is a fugitive from justice may not use the resources of the civil legal system while disregarding its lawful orders in a related criminal action." *United States v. Eng*, 951 F.2d 461, 464 (2d Cir. 1991), *abrogated on other grounds by Degen v. United States*, 517 U.S. 820 (1996). Even where courts have declined to apply the "harsh sanction" of disentitlement, they have invoked it in otherwise limiting participation in civil litigation by defendants who fled or, like Kohli, merely resisted extradition on criminal charges. *See*, *e.g.*, *S.E.C. v. Ahmed*, 72 F.4th 379, 394 n.5 (2d Cir. 2023) (denying fugitive's request for extraterritorial access to confidential records in part because "granting him full access to discovery could further discourage his voluntary return to the United States and grant him an unfair advantage in [the criminal] proceedings to the extent they are based on the same or related underlying conduct."); *S.E.C. v. Collector's Coffee Inc.*, 2023 WL 8372834, at *2 (S.D.N.Y. Dec. 4, 2023) (rejecting request of defendant fighting extradition from Germany to admit his deposition testimony in lieu of live testimony, where granting request "would allow [him] to invoke the powers of federal courts to defend assets in the United States when convenient to him, while simultaneously refusing to acknowledge the powers of federal courts to demand his response to accusations of criminal behavior."). *Cf. S.E.C. v. Abraaj Inv. Mgmt. Ltd.*, 2019 WL 6498282 (S.D.N.Y. Dec. 3, 2019) ("Regardless of whether the fugitive disentitlement doctrine supports a stay in this case, the Court finds that a full stay should be granted in the interests of justice" where defendant opposing stay concurrently contested extradition from United Kingdom and suggested his own deposition should be stayed until after the criminal case concluded).

Because the defendant's primary claim of prejudice—potential extradition—is simply not one the Court has an interest in protecting him from, a hearing is unnecessary, and entry of a stay is appropriate.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney


By:   */s/ David M. Holcomb*
       DAVID M. HOLCOMB
       Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Dated: March 19, 2025

><ins>*/s/ David M. Holcomb*</ins>
>DAVID M. HOLCOMB
>Assistant U.S. Attorney