UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § | |
| Plaintiff, | § § | No. 1:24-cv-12586-AK |
| v. | § § § | |
| RUSSELL ARAMAND, et al., | § § § | |
| Defendants. | § § | |

### DEFENDANT KOHLI'S RESPONSE TO THE GOVERNMENT'S OPPOSITION TO HIS REQUEST FOR ORAL ARGUMENT ON THE DEPARTMENT OF JUSTICE'S MOTION TO INTERVENE AND FOR A STAY

TO THE HONORABLE ANGEL KELLEY, UNITED STATES DISTRICT JUDGE:

Manpreet Kohli ("Kohli"), Defendant, respectfully submits this brief response to the Government's opposition to his request seeking oral argument [ECF No. 30] (the "Response").

First, the Government relies entirely on Second Circuit case law to argue that Mr. Kohli should somehow be barred under the Fugitive Disentitlement Doctrine from proceeding with the case that the SEC has filed *against him*. But none of that precedent is applicable because Mr. Kohli is not a fugitive. *See United States v. Bescond*, 24 F.4th 759 (2d Cir. 2021) (rejecting argument that foreign citizen arrested in home country could not move to dismiss the Indictment; fugitive disentitlement doctrine does not apply when a foreign citizen is arrested abroad and who remains in her home country—that person has not fled from the United States).

Perhaps more importantly, the DOJ makes it appear as if Mr. Kohli created a parallel civil action himself for the purpose of obtaining evidence. Not so. It was the SEC who *voluntarily* chose to file a case against him and who *voluntarily* chose to then serve the Complaint upon Mr. Kohli in the United Kingdom. It is the SEC that is using the courts of the United States, not Mr. Kohli.

Having been forced to defend himself in this civil matter, Mr. Kohli is certainly entitled to file a motion to dismiss and litigate the merits of the case. Indeed, he has filed a meritorious motion to dismiss. Otherwise, it would simply be the rule that all foreign citizens who choose not to enter the United States (because of a parallel criminal proceeding) would be subject to a default judgment. Obviously, there is no such rule. Further, given the current client on immigration, Mr. Kohli is well within his rights to avoid traveling to the United States.

Dated: March 19, 2025

Respectfully submitted,

*/s/ Eric S. Rosen*
Eric S. Rosen
DYNAMIS LLP
225 Franklin St., 26th Floor
Boston, MA 02110
(646) 541-8484
erosen@dynamisllp.com

Michael B. Homer
DYNAMIS LLP
225 Franklin St., 26th Floor
Boston, MA 02110
(617) 693-9732
mhomer@dynamisllp.com

*Attorneys for Defendant Manpreet Kohli*

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 19, 2025, a true and correct copy of the foregoing document was served by e-filing upon counsel of record.

                */s/ Eric S. Rosen*
                Eric S. Rosen
                DYNAMIS LLP
                225 Franklin St., 26th Floor
                Boston, MA 02110
                (646) 541-8484
                erosen@dynamisllp.com